Judge Tjiimele,
delivered the following opinion of the court: — -'I'he writ and declaration are in the name of *562 Wells, who sites to the use of the administrators of Travis. The writing declared on, is a bond, with condition for the conveyance of a tract of land. The declaration sets forth an assignment, made before the commence-O * ___ went of the action, by Wells, the obligee, to Travis, Judgment was given in the action in favor of the plain-tjjf below, and the defendant has prosecuted this writ of 7 r ^ror*
Suit be maintained m the name of the alSgnor of a paper negoti - able by law, sffignecT *it~ Chitty on bills, 118 — 12 Mod. \H~l Salk'
The first and principal question, is, was the action on covenant, for the conveyance of land, sustainable in the name of the assignor, to the use of the assignee ?
If this obligation is not within the act of 1798, permitting the assignments of writings (a), t hen, the action was, without doubt, well brought in the name of the assignor. But if the obligation was within the provisions of that statute, then the question occurs, whether the plaintiff had any right to sue, after he had passed away his interest in the obligation, according to law Í
The statute declares, that all bonds, bills, and promissory notes, whether for money or property, shall be assignable ; and it shall and may be lawful for the as-signee of any such bond, bill, or note, to sue for the same, in the same manner the original obligee or payee might or could do.
That obligations for the conveyance of land, are assignable by virtue of the statute, was decided in the case of Conn vs. Jones, April term 1805 (b). Property is nomen generalissimum, including every visible subject of ownership; and although, upon comparing the act of 1798, with that of 1796 (c), some doubt remains, whether the legislative intention, in enacting the statute of 1798, extended beyond bonds for- personal property, passing by delivery ; yet, that the construction should be settled, is of more importance, than what that construction shall be. The construction given by the decision of Conn vs. Jones, upon solemn argument, appears best adapted to the situation of our country, and will no.t be now disturbed.
Upon general principles, it seems that the plaintiff at law ought to show a right, or title, or some property in the thing sued for. In respect to bonds, it seems well settled, that one who has a bare equitable interest by assignment, cannot maintain an action in his own name ; the legal right and ownership being in another — 1 Dal *563 las 268, Guthrie, assignee, vs. White, decided "by (he supreme court of Pennsylvania — Cummings, assignee, vs. Lynn, ibid 444 — Henderson vs. Hopburn, 2 Call 232. In the case of Winchester vs. Hackley, 2 Cranch 342, the motion was, to instruct the jury that if the balance of the account upon which the suit was brought, had been transfered to Richard S. Hackley, and Co, it was not a subsisting debt from the defendant to the plaintiff alone, at the commencement of the suit. But the circuit court overruled the motion ; being of opinion, that although the debt was assigned, in equity, to Hackley, and Co. yet the suit was maintainable for their benefit, in the name of Richard S.. Hackley, with whom the account was contracted.
This decision, upon appeal to the supreme court of the United States, was affirmed. But what if the assignment had been of a bond, where the transfer would have been complete, at law ; and not of an account, which was. assignable in equity only. The special reason given for overruling the motion, seems very strongly to imply*, that in such case the decision would have been different.
If in the case of an assignment, not permitted or executed by the statute, so as to transfer the legal right to (he assignee, in the thing assigned, the suit must be brought in the name of the assignor; because the legal right is in him, notwithstanding the equitable right is in the assignee ; it seems to follow, afortiori, that the as. signor, who. has neither the legal npr equitable ownership in the thing assigned, cannot maintain an action upon such assigned instrument. The ownership of the obligee, of an instrument assignable and negotiable by the statute, is gone by the assignment, and, transfered, to the assignee. The assignor is no trustee to the use of the assignee ; he has nothing to hold for the use of another ; the assignee has the complete legal and equitable ownership, which can be transfered or re-assigned, only,, by another assignment, or by cancelling the first. The statute creates a privity of contract between,the obligor and assignee, as complete as that which existed between obligor and obligee ; saving all discounts against the as. signor, before the obligor has notice of the assignment.. The assignor, then, who sets out an assignment made to another, shews a clear want of right in himself, to uphold his suit ; and his naming himself as trustee, cannot help. *564 He is no trustee, unless he should have received of the innocent obligor, without notice, the contents of the bond or note assigned. We would not be understood as having an allusion to an assignment of a part only, of an entire and indivisible contract; or to a defective assignment, where the assignor has not pretended to part with the whole of his interest; or if he intended it, has not sufficiently evidenced that intention : such assignments, or attempt at assignment, might create a trust in equity, but could not affect the right of. action at law;. -
Allen, for the plaintiff.
It may be said that the words of the statute are not compulsory, but only permissive ; that the assignee may sue in his own name. But the statute does not say that, the assignor may nevertheless sue in his qwn name ; and therefore, the general principle applies, that he who sues, must have right. It is not enough, that the defendant is in the wrong; that wrong must be to the injury of the plaintiff,
■ We cannot perceive that any mischief can result from, requiring the real owner to bring his suit, and stand bound for the consequences. But great frauds and inconvenience mast result from the introduction of a mere nominal plaintiff, who may, or may not be responsible for costs, arid yet protect the real plaintiff from paying the several officers of the courts of justice, and in fact, lay the foundation for the circulation of bonds and notes, payable to bearer, by introducing the name of a fictitious payee, who shall sue to the use of the last holder of the paper.
It seems to the court, that the assignor of a bond, negotiable by the statute, is not competent to sue in his, o wn name, to the use of the assi gnee.
Judgment reversed.

«) i Sss. of 17fo’ Cl>" *7’

⅜) Anu%.

 Afb of I79*-7i p. 3».